IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

LORI MANNELLA,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. CIV 06-469-TUC-CKJ (BPV)

**ORDER**

    On February 20, 2008, Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation ("R&R")[Doc. # 29] in which he recommended Plaintiff's June 11, 2007 Motion for Summary Judgment be granted and Defendant's August 10, 2007, Cross-Motion for Summary Judgment [Doc. # 26] be denied. Plaintiff Lori Mannella ("Mannella") has not filed an objection. Defendant Michael J. Astrue ("Commissioner") has filed an objection to the Report and Recommendation. No response was filed.

    The factual and procedural background having been thoroughly set forth in the Report and Recommendation, the Court will not repeat it here.

**I. Standard of Review**

    Pursuant to 28 U.S.C. § 636(b)(1) this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original). If an objection is made, the court reviews de novo

1  only the portion to which the objection was made, the remainder is reviewed for clear error.
2  *McDonnell Douglas Corp. V. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir.
3  1981).

4  The Court finds it appropriate to adopt the R&R's finding on choice of law. The
5  Administrative Law Judge ("ALJ") who presided over Mannella's hearing on September 16,
6  2005, sat in Grand Junction, CO, in the Tenth Circuit. To the extent that this Court will
7  review the decision of the ALJ, this Court will apply Tenth Circuit law. However, this
8  Court will apply Ninth Circuit law in reviewing the R&R.

9  An objection having been made, this Court reviews the R&R accordingly.

10  **II. Analysis**

11  According to 42 § U.S.C. 405(g), "[t]he findings of the Commissioner of Social
12  Security as to any fact, if supported by substantial evidence, shall be conclusive . . " The
13  decision of the Commissioner may only be disturbed if his decision is not supported by
14  substantial evidence or is based on legal error. *Byron v. Heckler*, 742 F.2d 1232, 1234 (10th
15  Cir. 1984). Substantial evidence is "more than a scintilla," *Richardson v. Perales,* 402 U.S.
16  389, 401 (1971), but "less than a preponderance." *Plateau Mining Corp. v. Federal Mine
17  Safety and Health Review Com'n*, 519 F.3d 1176, 1194 (10th Cir. 2008) (internal citation
18  and quotation omitted). "It is such relevant evidence as a reasonable mind might accept as
19  adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (internal
20  citations omitted). The district court must "uphold the ALJ's decision where the evidence
21  is susceptible to more than one rational interpretation." *Id.* at 1039-40 (internal citations
22  omitted.). When reviewing an Administrative Law Judge's ("ALJ") decision a court may
23  not "reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute
24  [its] own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th
25  Cir. 2000).

26  The R&R concludes that the ALJ erred in essentially three areas: (1) the ALJ did not
27  properly consider Mannella's disabling pain; (2) the ALJ improperly found the Plaintiff
28  non-credible; and, (3) the ALJ did not properly consider the full opinion of Dr. Swarsen.

The Commissioner's objections address each of these issues. The errors alleged all occurred at step four in the five step process that is used by the Commissioner in determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). The burden is on Mannella in steps one through four. In step five, the burden is on the Commissioner to demonstrate that the claimant is not disabled. *Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005).

**A. ALJ's Consideration of Mannella's Pain**

The R&R found that the ALJ did not properly consider the nexus between Mannella's impairments (carpal tunnel syndrome and left shoulder pain), and Mannella's subjective complaints of disabling pain. Specifically, the ALJ found that Mannella's pain was not disabling.

In determining Mannella's evidence of pain the ALJ should follow the following framework: "(1) whether [Mannella] established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a 'loose nexus' between the proven impairment and [Mannella's] subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, [Mannella's] pain is in fact disabling." *Branum v. Barnhart*, 385 F.3d 1268, 1273 (10th Cir. 2004) (citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987))

The ALJ made an initial determination that there was objective medical evidence of an impairment that would produce pain in Mannella's left shoulder and in both her wrists. (Tr.19). The ALJ found there was no objective medical evidence of an impairment that would produce pain in Manaella's neck and lower back. (Tr. 19-20).

At this stage, the ALJ must consider the relationship between the impairments supported by objective medical evidence, Mannella's left shoulder and wrists, and the pain she alleges. *Luna*, 834 F.2d at 163; *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ must determine whether the objective medical evidence of the impairments could reasonably be expected to produce the pain that Mannella alleges. At this step, the ALJ does not make a determination of Mannella's credibility, but rather takes

- 3 -

her subjective allegations as true. *Luna,* 834 F.2d at 163. If, at this stage the ALJ determines that the evidence of impairments could reasonably produce the alleged pain, then the ALJ must consider all the evidence in order to make a determination of whether Mannella's pain is disabling. *Id.*

The R&R found that the ALJ made no attempt to determine if there was a "loose nexus" between Mannella's proven impairments and her subjective allegations of pain. However, the ALJ states that "the claimant's impairments cause her some discomfort and pain; however, the law is clear that 'disability' requires more than the mere ability to work without pain." (Tr. 21). This indicates that the ALJ did establish a loose nexus between the proven impairments and her subjective allegations of pain. Moreover, the very next sentence states, "The undersigned has considered the claimant's allegations of pain." *Id.* Furthermore, the ALJ goes on to state in the very next sentence that, due in part to the "lack of significant findings by the physicians," he found Mannella's complaints of disabling pain to be not fully credible. *Id.* This further illustrates that the ALJ did indeed find that there was a loose nexus between the proven impairments and that allegations of pain. For as *Branum* stated above, if the ALJ had not found a loose nexus, as the R&R suggests, he would not have gone on to consider all the evidence, subjective and objective, including Mannella's credibility. Yet, the ALJ discussed at length the subjective and objective evidence as it related to Mannella's credibility, eventually finding her to not be fully credible. (Tr. 21-22). The ALJ concluded that Mannella retained the residual functional capacity to perform the full range of light work. (Tr. 22).

Thus, contrary to the R&R, this Court finds that the ALJ properly analyzed Mannella's subjective allegations of disabling pain under the factors outlined in *Branum*, 385 F.3d at 1273.

**B. ALJ's Analysis of Plaintiff's Credibility**

The R&R found that the ALJ did not properly assess Mannella's credibility in determining whether to believe her allegations of disabling pain. In determining credibility

an ALJ should consider factors such as:

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (citation omitted).

The ALJ determined in part that Mannella was not credible because the medical doctors' indicated that she could return to modified work and none precluded all work. (Tr. 21). In addition, Mannella reported to Dr. Swarsen that she had less pain in her shoulder post-surgery. *Id*. Dr. Swarsen, as well as Dr. Guttman, also said she could return to light duty work. *Id*. Her later diagnosis from Dr. Cary also indicated that her strength, tone, bulk, and neurovascular exam was normal. *Id*. Moreover, Dr. Tok's exam in 2004 indicated that her strength in her upper extremity was normal. *Id.*

In addition, the ALJ observed that Mannella "talked with her hands" and "gestured extensively using her hands, wrists, and arms throughout the hearing." (Tr. 22).

Credibility determinations must be supported by substantial evidence in the record. *Barnum*, 385 F.3d at 1274. The Court finds that the ALJ's analysis of Mannella's credibility is supported by substantial evidence in the record. In particular, Mannella refuses to submit to diagnostic testing that may indicate the extent of damage in her wrists and shoulders. (Tr. 21) In addition, Mannella takes ibuprofen a couple of times a week and an occasional Darvocet but does not currently use any stronger type of pain medication. (Tr. 338) Occasional use of an over-the-counter pain reliever and infrequent use of a prescribed narcotic in addition to herbal remedies is not indicative of disabling pain. *See eg. Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). Mannella's two witnesses at the hearing testified that she suffered from severe pain in her hands and back, yet after examining the record the ALJ did not find supporting medical evidence from the numerous medical professionals who examined Mannella.

A finding in regard to credibility is for the trier of fact, not this Court. *Hackett v.*

- 5 -

1 *Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). As long as the ALJ's credibility
2 determination is supported by substantial evidence his finding will not be disturbed. *Id.*
3 The ALJ referred to specific evidence in finding that Mannella's allegations of disabling
4 pain were not credible. (Tr. 21-22) Thus, the ALJ has applied the correct legal standard in
5 evaluating Mannella's credibility. *Qualls*, 206 F.3d at 1372.

### C. ALJ's analysis of Dr. Swarsen's Opinion

The R&R found that the ALJ erred in evaluating the opinion of Dr. Swarsen. Specifically, the R&R found that the ALJ did not independently evaluate the opinion of Dr. Swarsen. Dr. Swarsen examined Mannella in January of 2002.[1] Dr. Swarsen concluded that Mannella had a 46% overall whole person impairment. (Tr. 171). He also concluded that Mannella could return to modified duty in the light work category. *Id.* Dr. Swarsen also recommended that Mannella undergo further diagnostic testing with respect to her wrists and shoulder. *Id* at 172-73.

Dr. Swarsen was an examining physician and therefore his opinion is given less weight than if he were a treating physician. 20 C.F.R. §§ 404.1527(d)(1), (2). The ALJ referred to Dr. Swarsen's opinion in stating that Mannella could return to light work with no repetitive use of the upper extremities. (Tr. 20, 22). In coming to this decision, the ALJ referred to the restrictions listed by Dr. Swarsen and concluded that Mannella was not precluded from all work activity. (Tr. 21). These findings show that the ALJ did consider Dr. Swarsen's opinion. In addition, the findings of the ALJ do not necessarily reject the opinion of Dr. Swarsen. Dr. Swarsen did conclude that Mannella could return to light duty work. (Tr. 171-72). Dr. Swarsen also concluded that Mannella was not at maximum medical improvement and that further therapy and testing would be appropriate. (Tr. 172). In addition, the vocational expert testified that Mannella could still perform her previous job as a tarot card reader, as well as the jobs of gate guard and usher. (Tr. 348). This supports

---

[1] Though Dr. Swarsen calls the Plaintiff "Ms. Mannelli" throughout his report the Court will assume that he is referring to Ms. Mannella.

- 6 -

Dr. Swarsen's opinion and was cited in the ALJ's opinion. (Tr. 23).

However, the ALJ concluded that Mannella could return to her past relevant work at step four of the evaluation. (Tr. 23-24). The Court finds this to be in error. Though no physician completely precluded Mannella from any work, Dr. Swarsen, as well as other physicians, concluded that though Mannella could work, she could only do so with modifications and restrictions. (Tr. 21). The restrictions and modifications imposed by Mannella's physicians, as opined by the vocational expert, would not allow her to return to her past relevant work. (Tr. 346-47) Thus, the Court adopts the R&R in that the ALJ improperly rejected the opinion of Dr. Swarsen in finding that she could return to her past relevant work.

However, at step five, if Mannella can perform other work, she is not disabled. 42 U.S.C. § 423(d)(1); 20 C.F.R. § 404.1520(iv-v). As discussed above, Mannella was never precluded from all work. The vocational expert listed three jobs available in the national economy. Furthermore, this Court reviewed the Dictionary of Occupations Titles, which the ALJ referred to in his opinion, which lists numerous jobs in the national economy corresponding to light work. This conclusion is supported by substantial evidence in the record including the recommendations by Mannella's various physicians.

Therefore, though this Court finds the ALJ erred in finding that Mannella could return to her past relevant work, this Court finds the error harmless as Mannella can perform other work and thus is not disabled. Therefore,

//
//
//
//
//
//
//
//

Accordingly, IT IS ORDERED:

1. The Report and Recommendation [Doc. #29] is adopted in part and rejected in part;
2. Defendant's Cross-Motion for Summary Judgment [Doc. #26] is GRANTED;
3. Plaintiff's Motion for Summary Judgment [Doc. #20] is DENIED.
4. Judgment is entered in favor of Defendant. The Clerk is directed to close its file in this matter.

DATED this 12th day of June, 2008.

_____
Cindy K. Jorgenson
United States District Judge